William M. MAST and Michael V. Felice, Plaintiffs—Appellants,

v.

Merritt LONG, in his official capacity as acting Chair of the Washington State Liquor Control Board; Vera Chan–Ing, Commissioner, Washington State Liquor Control Board; Kathy Kreiter, Commissioner, Washington State Liquor Control Board; and Christine O. Gregoire, in her official capacity as Attorney General of the State of Washington, Defendants—Appellees.

No. 02–35930.
D.C. No. CV–01–00298–FVS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Dec. 11, 2003.

William M. Mast, Michael V. Felice, Spokane, WA, for Plaintiffs–Appellants.

Kent Nakamura, Attorney General of Washington, Seattle, WA, for Defendants–Appellees.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Plaintiffs William Mast and Michael Felice appeal from the district court's order dismissing their complaint. We affirm.

Plaintiffs filed an earlier complaint in district court, challenging the constitutionality of certain Washington statutes that govern the taxation of wine. The defendants in that action, the Washington State Liquor Control Board and the Washington State Attorney General, successfully moved to dismiss the case. The district court held (1) that the Tax Injunction Act, 28 U.S.C. § 1341, divested it of subject matter jurisdiction over Plaintiffs' chal-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lenges to some of the statutes, (2) that Plaintiffs lacked standing to challenge other statutes as to which the Tax Injunction Act did not apply, and (3) that the court had not acquired personal jurisdiction because Plaintiffs had served process defectively. Plaintiffs did not appeal, even though there was a separate judgment stating that "a decision has been rendered" and granting dismissal of the action, and even though a dismissal for lack of jurisdiction is a final, appealable order. 28 U.S.C. § 1291; *McGuckin v. Smith,* 974 F.2d 1050, 1053 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997).

Instead, Plaintiffs started this second action, naming the same Defendants and challenging the same statutes and, in addition, other statutes pertaining to Washington's system of taxing wine. The nature of the constitutional claims remained the same.

The district court dismissed the second action. Dismissal was proper because of the preclusive effect of the court's earlier rulings on subject matter jurisdiction under the Tax Injunction Act and principles of standing.

A district court's decision that it lacks subject matter jurisdiction over a plaintiff's claim precludes the plaintiff from relitigating the issue of jurisdiction in a later action. *Fischel v. Equitable Life Assurance Soc'y of the U.S.,* 307 F.3d 997, 1005–06 (9th Cir.2002). That rule applies here because, under the analysis of *Kamilche Co. v. United States,* 53 F.3d 1059, 1062 (9th Cir.1995), the core issues in the first and second cases are identical notwithstanding the citation of additional parts of the wine-taxing statutes in the second action. The fact that the district court in the first action gave an alternative reason for its holding does not prevent the application of claim preclusion. *Trone v. Smith (In re Westgate–Cal. Corp.),* 642 F.2d 1174 (9th Cir.1981). In applying claim preclusion, it also does not matter whether the district court's ruling in the first action was erroneous. *Steen v. John Hancock Mut. Life Ins. Co.,* 106 F.3d 904, 914 (9th Cir.1997). Plaintiffs' remedy for an erroneous decision in the first action was an appeal, which they failed to pursue.[1]

Because we hold that the dismissal of the first action had preclusive effect, we need not reach the district court's abstention rationale. *See Vestar Dev. II v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001) (holding that a dismissal may be affirmed on any proper ground appearing in the record, even if the district court relied on a different ground).

AFFIRMED.

---

1. Of course, Plaintiffs also could pursue their claims in state court.